MICHAEL KREIG *v.* THOMAS J. WELLS.

A party suffered his infant child, of the age of seventeen months, to be in a public street of the city, without a suitable attendant ; and while she was sitting down in the street, a wagon in charge of the defendant's servant passed over her. In an action by the father of the child, there being no proof of negligence on the part of the defendant's servant, other than the mere fact that the wagon was driven by him, *held,* that the plaintiff was not entitled to recover damages for the injury.

That any degree of negligence on the part of the servant, would subject his principal to an action, when the plaintiff's own negligence exposed his child, *doubted.*

THIS suit was brought by the father of a child of the age of seventeen months, to recover damages for injuries sustained by the child, in being run over by a horse and wagon in charge of the defendant's servant. The proof showed no want of care in the servant. At the time of the accident, the child was sitting in the track made by the wheels of vehicles passing and repassing, in 28th street, near the 11th avenue, in this city. There was no pavement or flagging in that part of the street. In the centre of it was a sluice way, on one side of which was the road or wagon track, approaching within six or seven feet of the plaintiff's residence. The defendant's wagon passed at a distance of about six feet from the house. The injury to the child was of a permanent character.

On the trial of the cause, the plaintiff obtained a verdict for $55. From the judgment entered thereon, the defendant appealed to the general term.

*Charles Tracy,* for the defendant, as to the effect of absence of negligence on the part of the defendant, cited 1 Cowen & Hill's notes to Phil. Ev. 298, *Schmidt* v. *Blood,* 9 Wend. 268.

The plaintiff's negligence is fatal to his action. (*Hartfield* v. *Roper,* 21 Wendell, 615 ; *Law* v. *Crombie,* 12 Pickering, 177 ; *Parker* v. *Adams,* 12 Metcalf, 415 ; *Kennard* v. *Bur-*

*ton*, 12 Shepley, 39; *Pluckwell* v. *Wilson*, 5 Car. & Payne, 375; *Wolf* v. *Beard*, 8 Car. & Payne, 373; *Hawkins* v. *Cooper*, 8 Car. & Payne, 473; *Williams* v. *Holland*, 6 Car. & Payne, 23.)

The foregoing authorities all relate to injuries in the street.

The following cases were brought for accidents by collisions of vessels:

(*Rathbun* v. *Payne*, 19 Wendell, 399; *Cook* v. *Champlain Trans. Co.* 1 Denio, 99; *Drew* v. *Chesapeake*, 2 Douglass, 33; *Broadwell* v. *Swigert*, 7 B. Monroe, 39; *Myers* v. *Perry*, 1 La. Ann. Rep. 372; *Lack* v. *Seward*, 4 Car. & Payne, 106; *Luxford* v. *Large*, 5 Car. & Payne, 421; *Sills* v. *Brown*, 9 Car. & Payne, 601; *Vanderplank* v. *Miller*, 1 Moody & Malkin, 69; 3 Kent's Com. 231.)

The remaining citations are upon the general question of negligence:

(*Brownell* v. *Flagler*, 5 Hill, 282; *Brown* v. *Maxwell*, 6 Hill, 592; *Bush* v. *Brainerd*, 1 Cowen R. 78; *Burell* v. *N. Y. Dry Dock Co.* 2 Hall, 158; 6 Wheaton, 321; *Bullock* v. *Babcock*, 3 Wendell, 391; *Tonawanda R. R.* v. *Munger*, 5 Denio, 266.)

*E. Blankman*, for the plaintiff.

By THE COURT. WOODRUFF, J.—The defendant is sued for the negligence of his servant in driving his horse and cart over the plaintiff's child, of the age of *seventeen months*, in the public street, whereby she was injured, and her left thigh broken. In his answer the defendant avers that the child, at the time and place of the injury, " was in the street where horses and carts and other vehicles usually and lawfully passed and repassed, without any attendant or guardian, suitable and necessary for the protection and safety of an infant of the tender age of her, the said Phebe."

The replication does not deny this averment, but alleges that she " was not, at the time mentioned, in the *track* lawfully

used by carts and other vehicles in the street," &c. This allegation was clearly addressed to another averment in the answer, in which it is stated that she " was in the track," &c. But construing the pleadings most favorably to the plaintiff, there remains an *admission*, that the *child was in the street in which horses and carts and other vehicles usually and lawfully pass and repass, without any suitable attendant* or guardian, &c. (Code of Procedure, § 168.)

To establish his case, the plaintiff called Magdalena Carl, who testified that she first saw the child while the wagon was passing over it. That the child was then in the street, *sitting*. That its mother was absent from home. Witness could not tell how far the child was from the plaintiff's house.

This is the whole case made by the plaintiff, tending to show negligence *in any one*, when the motion was made for a nonsuit.

The testimony showed that the defendant's servant drove the wagon. Also that the thigh of the child was broken, and other particulars not important to the question raised by the bill of exceptions.

The case, as presented, may therefore be thus stated. The plaintiff suffers his infant child, of the age of seventeen months, to be in the public street, without an attendant or guardian suited to her age, and while she is sitting down, in the street, a wagon, in charge of the defendant's servant, passes over and breaks her leg.

Here is no proof of any negligence whatever on the part of the defendant's servant. But the negligence of the plaintiff himself is the prominent characteristic of the case as exhibited.

If, when the plaintiff's own negligence exposes his child to such an injury, *any degree* of negligence on the part of the servant would subject his *principal* to an action, which is not free from doubt; the plaintiff must show affirmatively that such negligence existed. That the wagon was driven at an undue speed. That it was driven in an improper place. That the driver saw and might have avoided the child, or other want of ordinary care and prudence.

Kreig v. Wells.

It is too well settled to admit of discussion, that in cases like this the negligence or want of discretion of a child, negligently suffered to be in the public streets without a protector, is negligence in the parent, which forbids a recovery when the injury results therefrom. It cannot be tolerated, that, in a crowded city like this, parents should suffer their infant children to play unattended in the streets, and for injuries occasioned by their indiscretion, hold others responsible, engaged in the pursuit of their lawful business, without proving the latter guilty of any negligence whatever.

This subject is fully discussed in *Hartfield* v. *Roper*, 21 Wend. 617, (which is strikingly like the present case,) and the doctrine is further considered in *Brown* v. *Maxwell*, 6 Hill, 592. And the principles of these cases and others therein referred to, I deem conclusive against a recovery under such circumstances as are here presented. The charge to the jury in this case was in accordance with these views, and was made in reference to the authority of the above cases. But I am clearly of opinion that the motion for a nonsuit should have been granted. Although, since the bill of exceptions was settled, specific grounds have been introduced, by consent of parties, into the bill, upon which grounds the motion for a nonsuit is said to have been founded, from which it would seem that the attention of the court was called to the admission implied from the state of the pleadings ; yet it is not improper for me to say that, according to my recollection of what transpired, and according to my minutes of the trial, no reference whatever was made to the pleadings by the counsel on the motion. With the views I then entertained of the law, I think a nonsuit would have been ordered had the attention of the court been called to the fact that by the pleadings the plaintiff admitted his own negligence, which so obviously contributed to the accident complained of.

A new trial must be granted, costs to abide the event of the suit.